```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
ANDRE LEWIS,                     :
              Petitioner,        :
                                 :       04 Civ. 1117 (BSJ) (DFE)
         v.                      :
                                 :
WILLIAM PHILLIPS, Acting         :       Memorandum Order
Superintendent, Green Haven      :
Correctional Facility            :
                                 :
              Respondent.        :
--------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner Andrew Lewis to the Report and Recommendation ("R&R") of Magistrate Douglas F. Eaton recommending the denial of Lewis's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules Lewis's objections and DENIES his Habeas Petition.

### I. BACKGROUND AND PROCEDURAL HISTORY

Lewis was convicted of depraved indifference murder in the second degree on August 2, 1996 following a jury trial in New York State Supreme Court, Bronx County. Upon his conviction, Lewis was sentenced to twenty-five years to life. The Appellate Division affirmed his conviction. People v. Lewis, 728 N.Y.S.2d 431 (App. Div. 1st Dep't 2001). During his trial, a witness testified that Lewis

and six or seven other customers were in the storefront of a video arcade. That witness, the owner of the arcade, testified that he observed Lewis with a gun, retreated to the back of his store, and, within five or six seconds, heard three shots. Forensic reports revealed that the victim was shot three times in the head, at a very close range.

On September 20, 2007, Magistrate Judge Eaton issued a thorough R&R recommending the denial of Lewis's Petition. That R&R describes the procedural history and additional facts in some detail, familiarity with which is presumed.

## II. Discussion

### a. Standard of Review

This Court reviews de novo any portions of a Magistrate Judge's R&R to which Lewis has stated an objection. 28 U.S.C. § 636(b)(1)(C). The Court adopts portions of an R&R to which a party has not specifically objected unless they are clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140 (1985); Green v. WCI Holding Corp. 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

### b. Lewis's Objections

Lewis raises two specific objections to Magistrate Judge Eaton's R&R, contending that (1) his right to due process was violated when the trial court submitted the

deliberate indifference charge to the jury because the evidence was insufficient to support a claim of deliberate indifference murder under New York law; and (2) his sentence is unconstitutionally excessive and based in part on materially untrue information provided by the prosecutor and relied on by the trial court. Magistrate Judge Eaton rejected each of these possible grounds for relief.

### i. First Objection

Lewis's primary objection is that the evidence submitted at trial was insufficient to support a finding of depraved indifference murder. He argues that that evidence could only support a finding of intentional murder and that the charge of depraved indifference murder thereby violated his due process rights. Absent specific evidence of recklessness, he contends, a trial court errs by allowing a jury to consider depraved indifference as an alternative to intentional murder. Magistrate Judge Eaton concluded that Lewis was not entitled to habeas relief on this issue because a rational jury could have found, beyond a reasonable doubt, that Lewis's conduct satisfied the elements of depraved indifference murder under New York State law as it existed at the time of the conviction. The Court agrees.

"When it considers the sufficiency of the evidence of a state conviction, '[a] federal court must look to a state law to determine the elements of the crime.'" Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000). New York law requires that all convictions of depraved indifference murder that became final before July 9, 2002 are to be reviewed under the legal standard set forth in People v. Register. See People v. Policano, 7 N.Y. 3d 588, 602-03 (2006) (noting that for cases after 2003 a different legal standard applies); People v. Register, 60 N.Y. 2d 270 (1983). Lewis's conviction became final on April 10, 2002, making Register the applicable legal standard.

Under Register, a conviction of depraved indifference murder requires a finding that the defendant acted recklessly, was "engage[d] in conduct which create[d] a grave risk of death to another person" and that the murder was committed under "circumstances evincing depraved indifference." See Register, 60 N.Y. 2d at 274 (citing N.Y. PENAL LAW § 125.25(2)). Circumstances evincing depraved indifference are understood not as mens rea or actus reus but as "the factual setting in which the risk creating conduct must occur . . . objective circumstances . . ." See Register, 60 N.Y.2d at 276. A finding as to this element of depraved indifference murder is based on the

4

jury's "objective assessment of the degree of risk presented by defendant's reckless conduct," not on the defendant's mens rea. Register, 60 N.Y.2d at 277.

Under the Register standard, "the very facts establishing a risk of death approaching certainty and . . . presenting compelling circumstantial evidence of intent -- for example, a point-blank shooting of the victim in the head -- likewise demonstrated depraved indifference." See Policano, 7 N.Y. 3d at 601. Whether the risk inherent in Lewis's conduct was the type contemplated by Penal Law § 125.25(2) was an issue for the jury to decide. See Register, 60 N.Y.2d at 274. Lewis shot a firearm three times in a storefront with six or seven other individuals present, killing one of those individuals and putting the rest at risk. He fired those three shots into the head of the deceased. Despite the strong circumstantial evidence of intentionality, the Court is satisfied with Magistrate Judge Eaton's conclusion that a rational jury could have found that objective circumstances existed to support a conviction of depraved indifference murder. See People v. Gallagher, 69 N.Y.2d 525, 530 (1987) ("It is not for the [court] in the first instance to determine whether defendant acted intentionally or recklessly at the time of the crime. That is the jury's function.").

### ii. Second Objection

Lewis also objects to Magistrate Judge Eaton's treatment of his fifth claim: that his sentence is unconstitutionally excessive and that the court relied on materially untrue information provided by the prosecutor to determine his sentence. As to the first part of this claim, "[n]o federal constitutional issue is presented when . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381 (2d Cir. 1992) (per curiam). As Magistrate Judge Eaton explains in the R&R, because Lewis's sentence of twenty-five years to life was within the range prescribed by state law, his sentence cannot be considered constitutionally excessive.

With respect to Lewis's claim that the trial judge relied on materially untrue information, Lewis is primarily concerned with the prosecutor's reference at sentencing to an unnamed eye-witness who the prosecutor claimed had corroborated the trial testimony. Lewis contends that the prosecutor's statement was a fabrication and, further, that the trial court's sentencing determination was made in reliance on this information. To reopen sentencing, Lewis would have to show that it is "quite probable" that the judge relied on false information in determining the sentence. King v. Hoke, 825 F.2d 720, 724 (2d Cir. 1987).

Because Lewis has failed to demonstrate either the falsity of the prosecutor's statement or any probability that the court relied upon that evidence, the Court concurs with Magistrate Eaton's recommendation that Lewis be denied habeas relief on this claim.

### c. Lewis's Other Habeas Claims

As to Lewis's remaining three claims, the Court finds Magistrate Judge Eaton's R&R thorough, well-reasoned and not clearly erroneous.  Accordingly, the Court adopts Magistrate Judge Eaton's recommendation not to issue a writ of habeas corpus on the bases of those claims.

### III. Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Eaton in its entirety and DENIES Lewis's Petition for a Writ of Habeas Corpus.  Because Lewis has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

**SO ORDERED:**

*[signature]*

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         February 13, 2009

8